(21 Misc. Rep. 653.)

## TULLY v. COTTER.

(Supreme Court, Appellate Term. November 24, 1897.)

1. NOTE—CONSIDERATION.
   Defendant obtained sums of money at different times from plaintiff, and gave him a note for the amount. In an action on the note, defendant set up that the sums in question were payments by plaintiff on a prior indebtedness upon a note indorsed by plaintiff and held by defendant. There was no evidence to this effect, except plaintiff's testimony that when the first sum was paid by plaintiff "there had been talk about the old note." *Held*, that this did not even inferentially support the defense.

2. SAME—INDORSEMENT—CONSIDERATION.
   In an action against the maker of a promissory note for $86, defendant introduced in evidence a certain note for $211.75 made by a third party to the order of defendant's firm, and indorsed by the firm, and by defendant's brother, and by plaintiff. Defendant had paid the amount of this note to his brother and plaintiff, and now held it; but it appeared that his discount

of it was not for plaintiff's accommodation, but to pay defendant's own obligation in connection with it, and that plaintiff's indorsement of it was for defendant's accommodation. *Held* no defense to the note sued on.

Appeal from Tenth district court.

Action by Martin Tully against Nicholas Cotter. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Early & Prendergast, for appellant.

J. Wilson Bryant, for respondent.

DALY, P. J. The defendant, in and prior to April, 1897, obtained from the plaintiff various sums of money, aggregating $86, for which on April 9, 1897, he gave the plaintiff his promissory note, payable at three months, which was dishonored, and this action is brought upon it. The defense is that the sums in question were not loans to defendant, but payments on account of a prior indebtedness upon a note which he held, and which was indorsed by plaintiff. There is no proof to sustain such a defense; the defendant's testimony not even tending to establish that, when he got the money, anything was said about its being by way of payment. He stated that: "When the first fifty dollars was paid, we were talking about the old note. I asked him for some money, and I got it. A good many things were said." This does not even inferentially support the defense. It is quite evident that, whatever was said on either side about the old note, it could not have been understood or agreed that the $50 was payment on account of it, or the defendant would not have subsequently given his note for the $50 and the additional sums obtained. There is, besides, no statement by defendant that when the latter sums were obtained anything whatever was said about the old note.

The justice dismissed the complaint, and this disposition of the case may have been based upon some finding that defendant had a set-off or counterclaim upon the note he held, against the note here sued on. As no objection was interposed to the evidence offered by him, it must be examined, to see what claims he had against the plaintiff. He held, as has been said, a note indorsed by the latter. It was for $211.75, dated June 26, 1891, payable at three months to the order of Cotter Bros., and drawn by William C. Burne. It was indorsed by W. Cotter, Martin Tully, and Cotter Bros. As the defendant's firm, Cotter Bros., were the payees of the note, it would seem that the plaintiff was not liable to them upon it, as he stood, in regular order, as a subsequent indorser to the payees. It was proved, however, that the amount of the note was paid to him and the other indorser by the defendant; and it is claimed that he became liable therefor as for a loan or advance of money, and indorsed the note to secure defendant therefor. The facts concerning this note were fully proved, and they establish that plaintiff did not indorse the note to secure the defendant, but that the advance of money by the latter to the plaintiff and William Cotter, the other indorser, was the discharge of defendant's own obligation to them. This is proved by the testimony of William Cotter, who was the defendant's brother, and was called by defendant as his own

witness. It appears that the maker of the note, William C. Burne, gave a contract for certain work to the defendant's firm, Cotter Bros. The defendant turned the work over to his brother William Cotter, who took this plaintiff, William Tully, in with him to complete it. The payments made by Burne on the contract were made to defendant, who turned the money over to William and the plaintiff. Burne seems to have recognized no one but defendant and his firm, Cotter Bros., in the matter, and, when he gave a note for the final payment, made it payable to them. This is the note in suit, and defendant cashed it for his brother William and plaintiff, as he had cashed Burne's checks for prior payments, which checks were all drawn to his order. If it might be inferred that the cashing of the note and the checks was a mere accommodation to William and the plaintiff; that Cotter Bros., in turning over Burne's contract to them, assumed no responsibility for Burne's payments under it; and that William and the plaintiff looked to Burne, and not to Cotter Bros., for their money,—that inference is rebutted by William's testimony. He says, "I was to look to them for the money, in case Burne didn't give it to me." He was called as a witness for the defendant, and his testimony clearly establishes that the latter's firm sublet the work, and did not assign the contract. This being so, the discount of the note was not for the accommodation of plaintiff, but to pay defendant's own obligations; and the indorsement by plaintiff was for defendant's accommodation, and without consideration. The proof is altogether in favor of plaintiff, and the judgment in defendant's favor must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.